■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY D. WILLIAMS, Appellant.—Crew III, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered June 20, 1989, upon a verdict convicting defendant of the crimes of burglary in the third degree, petit larceny and criminal possession of stolen property in the fifth degree, and (2) by permission, from an order of said court (Keegan, J.), entered June 12, 1990, which denied defendant's

motion pursuant to CPL 440.10 to set aside the sentence following his conviction, without a hearing.

The main issue before this court is whether there was probable cause for the State Police to arrest defendant on March 4, 1988. The record reveals that on that date the police were conducting a surveillance of defendant because he was a suspect in the murder or disappearance of three women. At approximately 6:30 P.M., Investigator Michael Wright observed defendant walk onto an open porch of a home in the City of Troy, Rensselaer County. Defendant peered into the back window of the residence for a short period of time. When the woman and children inside the house moved toward the window, defendant backed away. Next, defendant moved to the doorway to look through its glass. When the people inside the home approached this window, defendant again moved away. Twenty to 30 minutes later, defendant left the residence. Although there was no arrest warrant and the police had received no complaint concerning defendant's conduct, Wright radioed Investigator Ronald Stevens and directed him to arrest defendant. Stevens, who had not observed defendant on the porch, arrested him a block away for trespassing. County Court found that there was probable cause to arrest defendant for criminal trespass or attempted burglary. We disagree.

In order for defendant to have been guilty of attempted burglary, he must have engaged in conduct which carried the project dangerously close to completion (see, People v Bracey, 41 NY2d 296). There is no evidence in the record to justify such a conclusion in the case at bar. Furthermore, there is no evidence in the record reflecting that the residence in question was fenced or otherwise enclosed in a manner designed to exclude intruders, a prerequisite to a finding of probable cause that defendant was committing criminal trespass. Therefore, at best, County Court might have concluded that there was probable cause to believe that defendant had committed trespass, as characterized by Wright in his testimony. Because that offense is a violation, in order to effect an arrest without a warrant it had to be committed in the presence of the arresting officer (see, CPL 140.10 [1] [a]). Stevens testified that he did not observe defendant engage in any criminal activity and he was therefore not authorized to make the arrest in question. The arrest was, therefore, unlawful. Because the arrest was unauthorized and defendant's statement was clearly the product of that arrest, the exclusionary rule operates to bar the use of that statement at defendant's trial

unless there can be a finding of attenuation *(see, People v Bouton,* 50 NY2d 130, 136; *cf., People v Harris,* 72 NY2d 614, revd 495 US 14).* Since there is nothing in the record to demonstrate an intervening event breaking the link between the unauthorized arrest and defendant's incriminating statement we find no attenuation *(see, People v Harris, supra,* at 621). Accordingly, defendant's conviction must be reversed, his statement suppressed and the matter remitted to County Court. Given this result, it is unnecessary to address defendant's contentions regarding his motion to set aside the sentence.

Casey, J. P., Weiss, Mikoll and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this court's decision.

Ordered that the appeal from order is dismissed, as academic.